NO. 07-04-0084-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 10, 2004



______________________________




B. T. HEALTH CARE, INC., D/B/A BENDER TERRACE, APPELLANT



V.



THURMAN HONEYCUTT, AS EXECUTOR AND REPRESENTATIVE


OF THE ESTATE OF RONALD HONEYCUTT, APPELLEE




_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-516,937; HONORABLE MACKEY HANCOCK, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON ORDER OF ABATEMENT AND REMAND


 Appellant B. T. Health Care, Inc., d/b/a Bender Terrace, is appealing a judgment
from a jury trial. The judgment was signed on December 17, 2003. The trial court clerk's
record was filed on April 22, 2004 and a supplemental clerk's record was filed on April 29,
2004 and May 4, 2004. The court reporter's record originally was due to be filed on April
15, 2004.

 On April 16, 2004, the court reporter requested an extension of time and was
granted until May 17, 2004. On May 26, 2004, the court reporter requested a second
extension of time and was granted until June 21, 2004. On July 20, 2004 this Court issued
a letter asking for a status report to be filed by the court reporter, Deborah Reeves. The
Court directed the status report be filed no later than Friday, July 30, 2004. On August 12,
2004, the court reporter responded by filing a 3rd motion for extension of time, without
specifying a date to which the extension was required, but stating that she would try to
complete the record by September 1, 2004. The record has not been filed and we have
had no further contact by the court reporter. 

 The trial court and an appellate court are jointly responsible for ensuring that an
appellate record is filed. Tex. R. App. P. 35.3(c). Among other duties, the trial court must
"help ensure that the reporter's work is timely accomplished by setting work priorities," and
may appoint a deputy reporter when the official court reporter is unable to perform the
duties. Tex. R. App. P. 13.3 and 13.5.

 Accordingly, we abate the appeal and remand the cause to the 99th District Court
of Lubbock County for further proceedings. Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine: 


 whether Deborah Reeves is unable to prepare and file the reporter's
record within 30 days from the date of hearing; or 
 whether the trial court should appoint a deputy reporter to prepare
and file the reporter's record within 30 days from the date of hearing. 


 

 The trial court shall cause the hearing to be transcribed. The trial court also shall
enter any and all orders necessary to assure the timely completion of the reporter's record
in this appeal. So too shall it prepare and file its findings and orders and cause them to be
included in a supplemental clerk's record. In addition, the trial court shall cause the
transcription of the hearing to be included in a supplemental reporter's record. Both the
supplemental clerk's record and supplemental reporter's record shall be submitted to the
Clerk of this Court by September 28, 2004.

 It is so ordered.

 Per Curiam






if"'>            Appellant
Albert V. Jessep, acting pro se, has pursued in the trial court a
subsequent application for writ of habeas corpus, pursuant to article 11.072 of
the Texas Code of Criminal Procedure.[1] 
His first application was denied by the trial court, and we affirmed its
denial.[2] 
Appellant filed his subsequent application on October 1, 2009, and the trial
court signed an order November 3, 2009, denying the subsequent application. 
Appellant has filed notice of appeal from the order.

            The
clerk's record for this appeal has not been filed. The trial court clerk has
requested an extension of time to prepare the record, advising us that
appellant has not made arrangements to pay for the record.  The trial court
clerk also has expressed uncertainty over the necessary contents of the
record.  Along with his subsequent application for writ of habeas corpus filed
in the trial court on October 1, appellant submitted an affidavit asserting his
indigence.  In a motion filed in this Court, and in a response to the clerks
request for an extension, appellant has asserted his entitlement to a free
record.  See Tex. R. App. P. 20.2, 31.1. 

            Although
appellants assertions demonstrate some misunderstanding of the procedures
necessary to obtain a free appellate record, to expedite the appeal in these
peculiar circumstances,[3] we
will exercise our authority under Rule of Appellate Procedure 2, and order the
preparation of a clerks record for the appeal of the trial courts order
denying appellants subsequent application for writ of habeas corpus.  Tex. R.
App. P. 2.  The trial court clerk is directed to prepare and submit two clerks
records containing the papers appellant filed in cause numbers 51,224-A and
51,225-A on October 1, 2009, and all papers filed in those causes since that
date.  The records shall be prepared without cost to appellant and shall be
filed with this Courts clerk no later than February 11, 2010.  The trial court
clerks request for an extension to submit the record is granted to that date,
but is otherwise denied.  Appellants motion seeking a free record is granted. 
All other relief requested in appellants Motion to Permit Appellant to
Proceed In Forma Pauperis on Subsequent Writ of Habeas Corpus is denied.

            It
is so ordered.

 

                                                                                                Per
Curiam

 

Do
not publish.

 

 

            

 









     [1] Tex. Code Crim. Proc. Ann. art. 11.072, sec.
9 (Vernon 2003) (addressing subsequent applications).                        





     [2]  Appellant seeks habeas corpus relief from
orders imposing community supervision in two possession of child pornography
cases, trial court cause numbers 51,224-A and 51,225-A. See Ex parte Jessep,
281 S.W.3d 675 (Tex.App.Amarillo 2009, pet. refd).





     [3]  Our judgment and mandate in his appeal of the
denial of appellants original habeas corpus application indicated appellant
proceeded in forma pauperis.  It appears from the information before us that
appellants financial condition has not changed significantly.